# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| **DONNELL T. BOONE,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2:21cv__597__ |
| ) | |
| **LOUIS DEJOY,** ) | |
|    in his official capacity as ) | |
|    Postmaster General of the United States, ) | |
| ) | |
|    **Defendant.** ) | |

## COMPLAINT

NOW COMES Plaintiff Donnell T. Boone, and for his Complaint against Defendant Louis DeJoy, Postmaster General of the United States, alleges and says as follows:

### PARTIES

1. Plaintiff is a citizen and resident of Virginia Beach, Virginia.

2. Defendant Louis DeJoy is the Postmaster General of the United States and the official agency head of the United States Postal Service, hereafter referred to as "USPS."

3. At all times relevant herein, USPS was an employer, and Plaintiff was an employee of USPS, as those terms are defined in 42 U.S.C. § 2000e.

### JURISDICTION AND VENUE

4. This is an action to enforce a final agency decision pursuant to Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 2000e-16(c).

5. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5.

6. A substantial part of the events and omissions giving rise to Plaintiff's claims

occurred in this district, and USPS's unlawful employment practices were committed in this district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(e) and (f).

7. Plaintiff filed am EEO complaint against USPS for the unlawful employment practices set forth herein with the U.S. Equal Employment Opportunity Commission and did so within the required time limits specified by law and regulation.  USPS issued a notice of final agency action on Plaintiff's Charge.  Plaintiff appealed USPS's failure to implement the final agency action with the EEOC, including through a motion to reconsider.  Plaintiff instituted this action within ninety days of his receipt of the EEOC's denial of his motion to reconsider.  Plaintiff has satisfied all pre-filing requirements for his Title VII claims pursuant to 42 U.S.C. § 2000e-5.

**FACTUAL ALLEGATIONS**

8. On January 24, 2014, Plaintiff filed an EEO complaint alleging that USPS discriminated against him on the bases of his religion and in retaliation for previous protected activity.  After an investigation, Plaintiff timely requested a hearing before an Administrative Judge.

9. The AJ held a hearing on February 7 and 8, 2017, and issued a decision on August 28, 2017 (the "Decision").  In the decision, the AJ determined that USPS had subjected Plaintiff to discrimination based on religion when it failed to accommodate him and terminated him.  As a remedy, the AJ ordered USPS to reinstate Plaintiff to a position as a Postal Support Employee or equivalent position; pay Plaintiff back pay and benefits less interim earnings; offer Plaintiff religious accommodation; pay Plaintiff $500.00 in pecuniary damages; pay Plaintiff $30,000 in non-pecuniary compensatory damages; and pay Plaintiff's attorney fees.

10. On September 22, 2017, USPS issued a final order fully adopting the AJ's decision and the relief ordered (the "Final Award").

11. USPS had wrongfully not scheduled Plaintiff to work on and after September 28, 2013, until his return to work on November 12, 2017. Accordingly, the back pay period was September 28, 2013, through November 11, 2017 (inclusive).

12. Plaintiff provided USPS with the information it needed to compute his back pay for the entire back pay period.

13. USPS only paid Plaintiff back pay for the period of September 28, 2013, through February 15, 2015. USPS never paid Plaintiff back pay for the period after February 15, 2015 through his return to work on November 12, 2017.

14. Plaintiff filed a Petition for Enforcement on April 12, 2019. Plaintiff's attorney withdrew on May 3, 2019.

15. On August 18, 2020, the EEOC denied the Petition for Enforcement. Plaintiff. Plaintiff did not receive the EEOC's decision until April 30, 2021.

16. Plaintiff timely moved for reconsideration of the EEOC's decision on May 26, 2021. The EEOC denied the request on September 15, 2021.

17. USPS has never complied with the Decision of August 28, 2017, and the Final Award of September 22, 2017.

18. Plaintiff has been damaged as the result of USPS's failure to implement the Final Award.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That it enforce the Final Award;

2. That Plaintiff be awarded the back pay and benefits from USPS mandated in the

Final Award;

      3.      That Plaintiff be awarded prejudgment interest on all damages;

      4.      That Plaintiff recover attorney fees and costs from USPS; and,

      5.      For such other and further relief as the Court may deem just and proper.

This the 1st day of November, 2021.

                                                                **DONNELL T. BOONE**

                                                                        /s/
                                                                       Counsel

James R. Theuer (VSB #68712)
JAMES R. THEUER, PLLC
555 E. Main St., Suite 1212
Norfolk, VA  23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com
*Counsel for Plaintiff Donnell T. Boone*