IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DONNELL T. BOONE, )
    Plaintiff, )
)
    v. )     Civil Action No. 2:21CV597 (RCY)
)
LOUIS DEJOY, )
    in his official capacity as )
    Postmaster General, )
    Defendant. )
)

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion to Amend (ECF No. 13), which was filed in response to Defendant's Motion to Dismiss (ECF No. 11). For the reasons stated below, the Court, after a thorough review of the record, will grant Plaintiff's Motion to Amend and deny as moot Defendant's Motion to Dismiss.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, on January 24, 2014, as an employee of the United States Postal Service ("USPS") filed an Equal Employment Opportunity ("EEO") Complaint alleging that "USPS discriminated against him on the basis of his religion and in retaliation for previous protected activity." (Compl. ¶ 8, ECF No. 1.) At the conclusion of an investigation and a hearing before an administrative judge ("AJ"), the AJ issued a decision on August 28, 2017, that stated that USPS had subjected Plaintiff to discrimination based on his religion. (*Id.* ¶ 9.) The AJ ordered the following relief: (1) USPS must reinstate Plaintiff to his previously held position or equivalent position; (2) pay Plaintiff back pay and benefits less interim earnings; (3) offer Plaintiff religious accommodation; (4) pay $500.00 to Plaintiff in pecuniary damages; (5) pay $30,000.00 to Plaintiff in non-pecuniary compensatory

damages; and (6) pay Plaintiff's attorney's fees. (*Id.*)

Importantly, on September 22, 2017, USPS issued a final order adopting the AJ's decision and remedies. (*Id.* ¶ 10.) After the issuance of the final order, Plaintiff alleges that USPS wrongfully failed to schedule him for work from September 28, 2013, until November 11, 2017. (*Id.* ¶ 11.) After providing USPS with the needed information to compute back pay during that period, Plaintiff claims that USPS paid back pay only for the period of September 28, 2013, through February 15, 2015. (*Id.* ¶¶ 12–13.) On April 12, 2019, Plaintiff filed a Petition for Enforcement with the EEOC to claim the back pay for the period of February 16, 2015, through November 12, 2017. (*Id.* ¶ 14.) The EEOC denied Plaintiff's Petition for Enforcement, along with a motion for reconsideration. (*Id.* ¶¶ 15–16.)

On November 1, 2021, Plaintiff filed this action against Defendant. (*Id.*) Defendant filed his Answer on January 3, 2022. (Ans., ECF No. 8.) This matter is now before the Court on Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and Plaintiff's Motion to Amend under Rule 15(a)(2).

## II. LEGAL STANDARD

The decision to grant or deny a motion to amend a pleading is within the sole discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that "the federal rules strongly favor granting leave to amend." *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993). In fact, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (emphasis added).

### III. DISCUSSION

In the present action, the Court cannot find any prejudice to Defendant by permitting Plaintiff to amend his Complaint. Moreover, there is no evidence of bad faith or undue delay on Plaintiff's part in filing his Motion to Amend. On the contrary, Plaintiff is promptly seeking to cure deficiencies in his original pleading. The very purpose of Rule 15(a)(2) is to permit parties to cure defects in their pleadings. Fed. R. Civ. P. 15(a)(2).

Defendant contends that granting Plaintiff's Motion to Amend would be prejudicial because Defendant has not conducted discovery on the proposed retaliation claim that Plaintiff seeks to assert in his amended complaint. (Reply at 6, ECF No. 15). However, Plaintiff replies, and the Court agrees, that adding such a claim to the amended complaint would not cause any prejudice to Defendant because the discovery period for Defendant in this action runs through July 12, 2022. (16(b) Sched. Order, ECF No. 10; Reply at 1, ECF No. 16.) In addition, the retaliation claim would arise out of the same conduct, transaction, and occurrence described in the Complaint. Another factor that weighs against finding that granting leave to amend would prejudice Defendant is that this is Plaintiff's first motion to amend his complaint. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896, F.3d 278, 293–94 (4th Cir. 2018) (holding that repeated failures to cure deficiencies by previously allowed amendments is part of the "prejudice" factor).

Defendant also argues that an amendment would be futile because the "amended complaint setting forth an enforcement action would suffer from the same defects as [Plaintiff's] current Complaint . . . ." (Reply at 6, ECF No. 15.) However, "[u]nless a proposed amendment may *clearly* be seen to be futile . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (emphasis added); *see also Smithfield Foods, Inc. v. United Food & Commercial Workers Intern. Union*, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("[E]ven where the possibility of relief is remote . . .

[a] proposed amendment may be labeled futile only where it is legally insufficient on its face.") (internal citations omitted). The mere possibility—or even likelihood—that the Court, at a later date, may find for Defendant does not render an amended complaint legally insufficient. Denying Plaintiff's Motion to amend would violate the Fourth Circuit's "policy to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Therefore, Defendant has not overcome the strong presumption that leave to amend a pleading should be freely granted.

## IV. CONCLUSION

For the reasons detailed above, the Court will grant Plaintiff's Motion to Amend and deny Defendant's Motion to Dismiss as moot.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date: June 2, 2022